UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC M.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 3:21cv184 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

     This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for a period of disability, Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and Supplemental Security Income (SSI) under Title XVI of the Act.  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

     The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2

2. The claimant has not engaged in substantial gainful activity since August 28, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: status post L4-S1 fusion, lumbar spondylosis, anxiety, depression, obesity, tendinitis of the left hip, greater trochanteric bursitis of the bilateral hips, and chronic pain syndrome (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; may require a cane for ambulation; should avoid concentrated exposure to vibration and extreme heat; should avoid dangerous terrain, unprotected heights, and operating dangerous machinery with unprotected moving mechanical parts; can perform work requiring simple instructions and routine, repetitive tasks, defined as tasks and instructions that can be learned through short demonstration, up to and including one month; cannot perform work requiring a specific production rate, such as assembly-line work; can meet production requirements that allow a flexible and goal-oriented pace; can maintain the focus, persistence, concentration, pace and attention to engage in such tasks for two-hour increments, for eight-hour workdays, within the confines of normal work breaks and lunch periods; can deal with changes in a routine work setting.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 15, 1996 and was 22 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 28, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 17-32).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on July 21, 2022. On August 22, 2022 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162

n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ improperly found that Plaintiff did not have a closed period of disability. Plaintiff contends that he had a closed period of disability from August 28, 2018 to March 31, 2021. Plaintiff's alleged disability stems from an auto accident which occurred on February 12, 2018. Plaintiff suffered back pain after the accident and participated in physical therapy from June 13, 2018 to August 1, 2018. On August 28, 2018, Plaintiff underwent anterior lumbar interbody fusion, and x-rays in September of 2018 noted satisfactory postoperative appearance of the lumbar fusion. On January 9, 2019, Plaintiff began physical therapy, which he continued until February 18, 2019. On September 8, 2020, Plaintiff underwent a left SI joint steroid injection, which he reported gave him no relief. He was prescribed Norco for pain, prescribed a cane, and it was noted he might benefit from a spinal cord stimulator. Neurostimulators were implanted on February 23, 2021 and March 31, 2021.

Plaintiff recites the evidence pertaining to his various medical events, but does not identify evidence which demonstrates that he met the criteria for a closed period of disability. The ALJ considered the combined effect of all of Plaintiff's impairments, even those that were not severe, in assessing his RFC (Tr. 17). The ALJ thoroughly and carefully analyzed the evidentiary record and set forth the basis for her RFC determination (Tr. 21-30). Plaintiff has not cited to any specific examples of functional limitations that the ALJ should have included, and no treatment provider offered an opinion as to Plaintiff's specific functional limitations.

Plaintiff also asserts that the ALJ's acknowledgement of his need for a cane to ambulate (Tr. 21) was somehow an admission that Plaintiff was disabled prior to the date

5

when the cane was prescribed, September 23, 2020, when Plaintiff was "presumably much more limited". However, Plaintiff is not permitted to rely on presumptions. His burden is to produce evidence that supports his claim for disability. In acknowledging that Plaintiff may require a cane for ambulation, the ALJ was simply recognizing that the evidence contained some support for this finding. And, significantly, the vocational expert testified that an individual's need for a cane would have no effect on the occupations he had previously identified (Tr. 60).

Clearly, the ALJ here relied on substantial evidence and valid reasoning to evaluate Plaintiff's testimony and subjective complaints to properly determine his RFC: a significantly reduced range of sedentary work (Tr. 21). An ALJ's symptom evaluation and RFC findings are inherently intertwined. "[T]he purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC." *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009)*; see also Outlaw v. Astrue*, 412 Fed. App'x. 894, 897 (7th Cir. Mar. 16, 2011) ("RFC determinations are inherently intertwined with matters of credibility"). An adverse subjective complaint evaluation is therefore a rejection of claims that conflict with the RFC determination.

In this case, the ALJ's RFC determination properly accounted for those limitations arising from Plaintiff's impairments with support in the record and excluded his unsupported allegations. The ALJ found that Plaintiff had the severe impairments of status post L4-S1 fusion, lumbar spondylosis, anxiety, depression, obesity, tendinitis of the left hip, greater trochanteric bursitis of the bilateral hips, and chronic pain syndrome (Tr. 18). The ALJ also addressed Plaintiff's allegations of hives due to heat exposure and migraines and appropriately found that the evidence as a whole demonstrated no more than a minimal limitation in his ability to perform basic work activities (Tr. 18).

If an ALJ "identified supporting evidence in the record and built a logical bridge from that evidence to its conclusion," to reach the RFC, a reviewing court should affirm. *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017) (quotations and citations omitted). The ALJ built such a bridge in this case. Substantial evidence and logical reasoning support the ALJ's finding that Plaintiff required no more limitations than those identified in the RFC. The responsibility for assessing a claimant's RFC falls squarely within the ALJ's province. 20 C.F.R. §§ 404.1546(c) and 416.946(c). Additionally, the claimant shoulders the dual burdens of production and persuasion through step four of the sequential analysis, *see Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987), which includes the claimant's RFC, *see* 20 C.F.R. §§ 404.1520(e)-(f) and 404.1545; 416.920(e)-(f) and 416.945.

Because Plaintiff has not cited to any objective or other evidence demonstrating that greater limitations were warranted than those incorporated by the ALJ in her RFC determination, his argument fails. Substantial evidence supports the ALJ's determination, and there is no basis for remand. Accordingly, the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: November 14, 2022.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court